United States District Court
District of Massachusetts

| | |
|---|---|
| IN RE STATE STREET CASES | ) Civil Action Nos.<br>) 12-11770-NMG<br>) 12-11796-NMG<br>) 12-11814-NMG<br>) 12-11984-NMG<br>) 12-11988-NMG<br>) 12-12089-NMG<br>) 12-12090-NMG<br>) 12-12287-NMG<br>) 12-12376-NMG<br>) |

**MEMORANDUM & ORDER**

**GORTON, J.**

The instant cases all arise from the alleged mismanagement of the plaintiffs' investment accounts at the hands of James S. Tagliaferri ("Tagliaferri"), their investment adviser, and State Street Bank and Trust Company ("State Street"), the custodian of their accounts. The plaintiffs, who are nine individual investors, allege that State Street is liable to them for breach of contract (Count I), negligence or gross negligence (Count II), fraud or fraudulent concealment (Count III), aiding and abetting of Tagliaferri's breach of fiduciary duty (Count V), negligent misrepresentation (Count VI) and negligent breach of contractual duties (Count VIII).[1]

---

[1] Counts IV and VII are allegations against defendant Tagliaferri and not relevant here.

-1-

In August, 2013, Magistrate Judge Jennifer C. Boal issued a Report and Recommendation ("the R&R") with respect to defendant's motions to dismiss all of the plaintiffs' claims. She recommended allowing the motions to dismiss the first four breach of contract claims with respect to all plaintiffs and allowing, in part, and denying, in part, the motion with respect to the remaining three contract claims.  Magistrate Judge Boal also recommended that defendant's motions to dismiss plaintiffs' claims of negligence or gross negligence 1) be allowed with respect to all allegations emanating from purported inaccuracies in State Street's account statements but 2) be denied with respect to claims in which the plaintiffs alleged a separate affirmative duty.  She recommended denying the motions to dismiss as to the remaining three gross negligence claims. Regarding the claims of improper valuation of notes issued by Conversion Services International, Inc. ("CSI"), she recommended allowing the motions as to plaintiffs Share, Star, Catherine Cox and Adelson but denying the motions as to all other plaintiffs.

With respect to plaintiffs' claims of fraud or fraudulent concealment and aiding and abetting of Tagliaferri's breach of fiduciary duty, Magistrate Judge Boal recommended allowing defendant's motions to dismiss.  In addition, she would have this Court allow defendant's motions to dismiss the negligent misrepresentation claims as to all parties except the Adelson

plaintiffs and allow defendant's motions to dismiss the negligent breach of contractual duties claims as to all plaintiffs.

After careful consideration of the R&R and the objections of both parties thereto, the Court finds the reasoning of the Report to be sound and persuasive.  This Court will therefore accept and adopt the Magistrate Judge's recommendation with respect to the motions to dismiss plaintiffs' claims for breach of contract (Count I), fraud or fraudulent concealment (Count III), aiding and abetting of Tagliaferri's breach of fiduciary duty (Count V), negligent misrepresentation (Count VI) and negligent breach of contractual duties (Count VIII).  Although the Court finds the R&R's analysis of plaintiffs' negligence or gross negligence claims (Count II) to be similarly sound, the Court has a minor disagreement with one of the Magistrate Judge's conclusions in that regard.

Magistrate Judge Boal recommended allowing the motion to dismiss the gross negligence claims of plaintiffs Share and Star because they invested only in CSI securities, not CSI notes.  As State Street noted in its objection, however, Share and Star were not the only plaintiffs who limited their investments to CSI securities rather than CSI notes.  Plaintiff Michael Wolff also invested only in CSI securities, rendering Magistrate Judge Boal's recommendation applicable to him also.  Therefore, the

-4-

Court will allow defendant's motion to dismiss the gross negligence claims of Michael Wolff with respect to his investment in CSI securities.

**ORDER**

Accordingly,

1) plaintiffs' partial objection to the Report and Recommendation (Docket No. 63) is **OVERRULED**;

2) defendant's partial objection to the Report and Recommendation (Docket No. 64) is, with respect to plaintiff Michael Wollf's claim of gross negligence concerning his investment in CSI securities, **SUSTAINED**, but, in all other respects, is **OVERRULED**;

3) the Report and Recommendation of Magistrate Judge Boal (Docket No. 56) is, with respect to plaintiff Michael Wollf's claim of gross negligence concerning his investment in CSI securities, **REJECTED** and that claim is DISMISSED, but, in all other respects, the Report and Recommendation is **ACCEPTED** and **ADOPTED**;

4) defendant's Motion to Dismiss (Docket No. 21) is **ALLOWED**, in part, and **DENIED**, in part.  Counts III, V and VIII are **DISMISSED** in their entirety.  The following counts are operative in the following respects:

   Count I as to all plaintiffs' breach of contract claims alleging that defendant accepted securities that were suspicious, irregular or fraudulent on their face and plaintiff Adelson's claims alleging inaccurate asset valuations (except the CSI notes), use of fake identification numbers assigned by the Committee on Uniform Securities Identification Procedures and assessment of excessive custodial fees;

   Count II as to the claims of plaintiffs Catherine Cox, Joanne Wolff and Taragano alleging the improper valuation of CSI notes and all claims of plaintiffs for negligence or gross negligence except those that concern inaccurate account statements; and

   Count VI as to the claim of plaintiff Adelson concerning defendant's alleged improper confirmation and settlement of transactions.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated September 27, 2013